UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV197-EHJ

SUSAN ALTHOUSE                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff Susan Althouse seeks Disability Insurance, Supplemental Security Income and Disabled Widow's Insurance benefits which were denied by the Commissioner.  The matter was referred to United States Magistrate Judge E. Robert Goebel who recommends that the Decision of the Commissioner be upheld.  This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Findings of Fact, Conclusions of Law and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

On January 2, 2003, Ms. Althouse filed applications for Supplemental Security Income and Disability Insurance Benefits alleging that she became disabled by shoulder pain going down her arm and a learning disability (Tr. 65).  On July 16, 2003, she filed for Widow's Insurance Benefits.  After a hearing on July 26, 2004, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Ms. Althouse suffers from a severe impairment of mild mental retardation, but that the impairment does not meet or medically equal a listed impairment (Tr. 25-27).  She was found to have a residual functional capacity to perform work at all exertional levels, but would require entry level type work with simple 1-2-3 step procedures, no frequent changes in work routines, no requirement for problem solving, independent planning, the setting of goals or advanced literacy.

She was also found to have moderate limitations on the ability to understand, remember and carry out detailed job instructions, to complete a normal workday or workweek without interruptions from psychologically based symptoms, or to respond appropriately to changes in the work environment (Tr. 29). Plaintiff has appealed from this unfavorable Decision.

In her objections to the Magistrate's Findings of Fact, Conclusions of Law and Recommendation, the claimant argues that the September 28, 2004 post-hearing MRI of her cervical spine shows a condition that would necessitate a finding that she meets Listing 12.05C. In the alternative, she argues that the matter should be remanded so that the MRI could be properly considered. Addressing the MRI results, the Court is reminded that the mere diagnosis of a condition (via MRI or other technique) says nothing about the severity of the condition; it is the functional limitation imposed by the condition that determines disability, Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). The MRI was additional medical evidence submitted to the Appeals Council and this Court can only consider it for purposes of a sentence six remand. The Court agrees with the Magistrate's assessment that there is less than a reasonable probability that the MRI results would have changed the outcome of the prior proceeding.

The Findings of Fact, Conclusions of Law and Recommendation of the Magistrate Judge are adopted and the Decision of the Commissioner affirmed.

A Judgment in conformity with this Memorandum Opinion has this day entered.